JUSTICE GRAY
delivered the Opinion of the Court.
Fred Stansbury (Stansbury) appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, granting summary judgment in favor of the respondent, Professor RueyLin Lin (Professor Lin). We affirm.
The sole issue on appeal is whether the District Court erred in granting summary judgment in favor of Professor Lin.
On March 26, 1990, Stansbury appeared as a student for the first day of a sociology class taught by Professor Lin, a professor at Eastern Montana College in Billings. Stansbury alleges that Professor Lin demanded that he leave the classroom and that, upon his departure from the classroom, Professor Lin slandered him in a thirty-minute tirade to the remaining students in the class.
On January 23, 1991, Stansbury’s attorney, on behalf of Stansbury, signed a settlement agreement in which Stansbury released Eastern Montana College and its officers, employees and *247 agents from any liability for any alleged slander of Stansbury by Professor Lin. The agreement contained a clause which stated:
To resolve this case, the parties agree as follows:
b. Nothing herein precludes Fred Stansbury from pursing [sic] legal recourse against Professor Ruey-Lin Lin for actions of his outside the course and scope of employment authority of Eastern Montana College or the Montana University System.
The agreement was also signed by representatives of Eastern Montana College and the Montana University System. Stansbury received the settlement provided in the agreement.
Following the execution of the settlement agreement, Stansbury filed a slander complaint in the District Court against Professor Lin as an individual defendant. The complaint was accompanied by and incorporated an affidavit made by Stansbury. Stansbury alleged that Professor Lin’s conduct in slandering him was willful and malicious. He sought actual and punitive damages.
Professor Lin moved to dismiss Stansbury’s complaint, arguing that since Stansbury had settled the slander action with Professor Lin’s employer, the State of Montana, Stansbury was statutorily barred by § 2-9-305, MCA, from suing him as an individual. He further argued that -under § 2-9-305, MCA, he was individually immune from suit. In support of his motion to dismiss, Professor Lin submitted to the District Court the settlement agreement signed by the representatives of the State and Stansbury’s attorney. He also submitted the affidavit of the chief legal counsel to the Commissioner of Higher Education, which acknowledged under the authority provided in § 2-9-305, MCA, that Professor Lin was acting within the scope and duty of his employment at the time of the alleged slander.
The motion to dismiss was briefed by both parties. The District Court determined that the parties had relied on facts not contained in the pleadings and, therefore, converted the motion to dismiss into a motion for summary judgment and set a date for an evidentiary hearing.
At the evidentiary hearing, neither party presented evidence and both waived any further presentation of evidence. The District Court then proceeded to hear oral argument on the summary judgment motion. Stansbury contended during oral argument that Professor Lin was acting outside the course and scope of his employment at the time of the alleged slander and that the State previously had acknowledged that fact. Because there was no evidence before the court that *248 the State had acknowledged that Professor Lin was acting outside the course and scope of his employment at the time of the alleged slander, the court gave the parties additional time in which to submit further evidence.
Professor Lin presented nothing further. Stansbury submitted an additional affidavit of his own. Stansbury also submitted an affidavit in which his attorney stated that during the course of settling with Eastern Montana College, he had spoken with JoAnne Sherwood from the office of the Commissioner of Higher Education and had “expressed a distinct concern about the continuation of this action against Professor Ruey-Lin Lin as an individual.” Stansbury’s attorney also stated in his affidavit that the language of the original settlement agreement had been altered to allow Stansbury to proceed against Professor Lin individually.
Thereafter, the District Court granted summary judgment in favor of Professor Lin, stating:
It is clear under § 2-9-305, MCA, that an employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges that his conduct was within the course and scope of the employee’s employment. Accordingly, the recovery, by virtue of the settlement against the governmental entity, to wit: Eastern Montana College, constitutes a complete bar to this action.
Counsel for the plaintiff has not produced any evidence to constitute a bar to the application of the express terms of the statute.
This appeal followed.
Did the District Court err in granting summary judgment in favor of Professor Lin?
Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court’s standard of review is the same as the trial court’s, and we will uphold a correct result regardless of the reasons given by the lower court. Shimsky v. Valley Credit Union (1984), 208 Mont. 186, 189-90, 676 P.2d 1308, 1310.
Eastern Montana College, as a college run by the State of Montana, is a governmental entity as defined in Title 2, Chapter 9, MCA. Section 2-9-101(3) and (7), MCA. Section 2-9-305, MCA, is entitled “Governmental entity to be joined as defendant — immunization, *249 defense, and indemnification of employees.” Subsection (5) of that statute provides:
Recovery against a governmental entity under the provisions of parts 1 through 3 of this chapter constitutes a complete bar to any action or recovery of damages by the claimant, by reason of the same subject matter, against the employee whose negligence or wrongful act, error, or omission or other actionable conduct gave rise to the claim. In any such action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges or is bound by a judicial determination that the conduct upon which the claim is brought arises out of the course and scope of the employee’s employment, unless the claim constitutes an exclusion provided in (b) through (d) of subsection (6). [Emphasis added.]
The validity of this statute has not been challenged as part of this appeal.
In interpreting statutes, we must give language its plain meaning. Keller v. Smith (1976), 170 Mont. 399, 404-05, 553 P.2d 1002, 1006. Section 2-9-305, MCA, as a whole is not a model of clarity in drafting. However, the first sentence of § 2-9-305(5), MCA, clearly prohibits any action or recovery against an employee of the State based on the same subject matter for which recovery has already been obtained from a governmental entity. Stansbury has already obtained recovery, in the form of a settlement from Eastern Montana College, for the same subject matter out of which he now brings suit against Professor Lin. We conclude that under the first sentence of § 2-9-305(5), MCA, Stansbury’s settlement with Eastern Montana College is a complete bar to this lawsuit.
As stated above, the settlement between Stansbury and Eastern Montana College provided that “[n]othing herein precludes Fred Stansbury from pursing [sic] legal recourse against Professor Ruey-Lin Lin for actions of his outside the course and scope of employment authority of Eastern Montana College or the Montana University System.” Stansbury argues that this provision in the settlement agreement affirms his continuing right to sue Professor Lin personally. We disagree. This provision only precludes the settlement agreement from cutting off Stansbury’s right to sue Professor Lin. It does not cancel the statutory bar to this action provided by § 2-9-305(5), MCA. When he entered the settlement with Eastern Montana College, Stansbury forfeited his right to sue Professor Lin individually *250 for the same acts. He may not have chosen the best timing sequence for his settlement and lawsuit, but that has no bearing on the right of the State to make a settlement and it has no bearing on Professor Lin’s immunity.
The District Court considered, and in their briefs to this Court the parties have argued, whether Professor Lin’s actions were within the course and scope of his employment, as discussed in the second sentence of § 2-9-305(5), MCA. However, we conclude it is immaterial whether Professor Lin’s actions were within the course and scope of his employment. The second sentence of subsection (5) applies “[i]n any such action against a governmental entity.” This action, which was filed only after Stansbury settled with Eastern Montana College, is not now and never has been an action against a governmental entity. We conclude that the second sentence of § 2-9-305(5), MCA, does not apply here.
Because we have concluded that the first sentence of § 2-9-305(5), MCA, is, on its face, a complete bar to this action, we hold that the District Court did not err in entering summary judgment for Professor Lin.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES McDONOUGH and WEBER concur.