Justice William E. Hunt, Sr.,
delivered the Opinion of the Court.
Defendant Robert Allan Brooks argues in the Missoula Division of the United States District Court, District of Montana, that he was not deprived of his civil and constitutional rights to possess a firearm *138 while under the supervision of the Montana Department of Corrections Probation and Parole Division. The Federal Court certified the question to this Court for consideration and decision. We hold that under the facts of this case, defendant was not deprived of his civil and constitutional rights.
On May 9, 1994, the Federal Court filed an order in this Court certifying for consideration and decision the following question:
Whether a criminal defendant was deprived of his civil and constitutional rights to possess a firearm while he was on probation under the following circumstances:
a. the Montana sentencing court in his felony judgment of conviction did not impose a condition of probation that the defendant could not possess a firearm, but rather ordered him to comply with all terms and conditions established by the Probation and Parole Division of the Department of Corrections; and
b. at the time of the sentencing, the Department of Institutions of the State of Montana had in effect an administrative rule establishing conditions of probation that included a condition denying probationers the right to own, possess, or control a firearm.
By order filed May 17,1994, this Court accepted jurisdiction of the certified question and stated that “[t]his Court will decide the certified question on the basis of the facts forwarded by the said [Federal] District Court....” Those facts are as follows:
On January 6, 1989, the Lake County District Court adjudged Brooks guilty of the offense of theft. Brooks received a five-year suspended sentence. The District Court did not impose a condition of probation that Brooks could not possess a firearm. However, as a condition of probation, the District Court placed Brooks under the jurisdiction of the Probation and Parole Division of the Department of Corrections (Probation Division) and ordered that he comply with all terms and conditions established by the Probation Division.
Brooks signed a standard Probation Division form containing the conditions of his probation and parole. The form provides in pertinent part:
8. WEAPONS: You shall not own, possess or be in control of any firearm or deadly weapon as defined by state statute. The Federal Gun Control Act of 1968, prohibits any person who is under indictment or has been convicted of a felony to possess or carry a firearm while engaged in any act or sporting activity such as hunting.
*139 Brooks was subsequently indicted in Federal Court on different charges. Count I of the indictment alleged that Brooks was a felon in possession of a firearm, in violation of federal law. Prior to trial, Brooks moved to dismiss Count I on the ground that, as a matter of law, he had not been “convicted of a crime punishable for a term exceeding one year,” as that term is defined by federal law. The Federal Court entered an order reserving ruling on the issue pending further proof by the government. At trial, the Federal Court found that the government put forth sufficient proof, and Brooks’ motion to dismiss was denied. The jury returned guilty verdicts on both counts of the federal indictment. Brooks has filed a motion for a new trial, again arguing that he does not fit within the federal definition. The Federal Court has not rendered sentence and judgment pending this Court’s resolution of the certified question.
At the time Brooks was convicted in state district court, the Department of Corrections had in effect, pursuant to 10.7.1101(8), ARM, a standard condition forbidding probationers from possessing firearms. The Federal Court heard testimony at trial that the Probation Division was required to apply the standard condition to every probationer. Since the Probation Division was required by administrative rule to impose the “no firearm” condition in every case, the Federal Court “assumed that the sentencing judge was aware of the regulation.and thus, as a prerequisite to imposing the condition to abide by the conditions of the Probation Division, determined that Defendant’s right to possess a firearm should be suspended.”
Our function in construing and applying statutes is to effect legislative intent. State ex rel. Neuhausen v. Nachtsheim (1992), 253 Mont. 296, 299, 833 P.2d 201, 204; State ex rel. Roberts v. Public Service Com’n of State of Montana (1990), 242 Mont. 242, 246, 790 P.2d 489, 492. In determining that intent, we look first to the plain meaning of the words used in the statute. Stansbury v. Lin (1993), 257 Mont. 245, 249, 848 P.2d 509, 511; Roberts, 790 P.2d at 492. If the Legislature’s intent can be determined from the plain meaning of the statute’s words, we will look no further. Neuhausen, 833 P.2d at 204. It is only when the intent cannot be determined from the language of the statute that we will examine the legislative history. Roberts, 790 P.2d at 492.
The plain language of § 46-18-801(1) and (2), MCA, specifically vests in the sentencing judge the power to deprive a convicted offender of civil or constitutional rights:
*140 (1) Conviction of any offense shall not deprive the offender of any civil or constitutional rights except as they shall be specifically enumerated by the sentencing judge as necessary conditions of the sentence directed toward the objectives of rehabilitation and the protection of society.
(2) No person shall suffer any civil or constitutional disability not specifically included by the sentencing judge in his order of sentence.
(Emphasis added.) The plain language of these subsections also requires any such deprivation to be “specifically enumerated” and “specifically included” in the sentencing order.
Whether the Probation Division is required by administrative rule to impose the “no firearm” condition in every case, or whether the state district court was aware of the standard Probation Division conditions, does not change the clear mandate of § 46-18-801, MCA. The statute explicitly requires the sentencing judge to specifically enumerate and specifically include any civil or constitutional deprivation in the sentencing order. Imposing a condition of sentence which assigns a convicted offender to the supervision of the Probation Division does not meet the statutory requirements.
Because the language of § 46-18-801(1) and (2), MCA, is clear on its face, we do not look beyond that language to interpret the statute. Neuhausen, 833 P.2d at 204.
In answer to the certified question, we hold that, because the sentencing court did not specifically enumerate and specifically include in the sentencing order that Brooks was prohibited from possessing a firearm, the Probation Division of the Montana Department of Corrections and Human Services could not and did not deprive him of that right as a condition of probation.
JUSTICE TRIEWEILER and THOMAS C. HONZEL, District Judge, sitting for Justice John C. Harrison concur.