JUSTICE NELSON
delivered the Opinion of the Court.
Thomas Brothers (Brothers) petitioned the District Court for the Twelfth Judicial District, Liberty County, to review the decision of the Board of Labor Appeals denying Brothers’ claim for unemployment insurance benefits. The District Court affirmed the Board’s decision and Brothers appeals. We reverse and remand.
The sole issue presented for review is:
Did the District Court err in affirming the Board’s decision denying Brothers’ claim for unemployment insurance benefits?
Background Facts
Cargill, Inc. (Cargill) manufactures livestock feeds. Brothers worked for Cargill as a Millman III for ten years. The Millman III position involves substantial physical activity including lifting bags of feed weighing 50 pounds or more. Brothers began experiencing back problems in 1989. He had back surgery in February or March *108 of 1991. Following this surgery, he did light duty work during the month of April.
In January 1992, Brothers could not get the company forklift started due to the cold weather. Brothers climbed a shelf to grab a 50-pound bag of grain. As Brothers grabbed the bag, it knocked him to the ground causing injury to his back. Brothers reported the injury to a co-worker, however, he failed to file a workers’ compensation report. Brothers did seek medical attention and treatment for his back injury.
Because Cargill considered Brothers to be a valued employee, Brothers was allowed to perform light duty work in a modified job position for the next several months. On April 30,1993, Brothers left work to have back surgery.
On November 3,1993, Brothers’ doctor released Brothers to return to his former position with the prior restrictions for light duty work for another six months while his back healed. When Brothers contacted Cargill, he was informed that no light duty or sedentary work was available. The Millman III position was available but Brothers could not perform all of the required duties of this position because of his back condition.
Brothers applied for unemployment benefits on November 7,1993. A deputy examiner of the Department of Labor and Industry denied benefits on the grounds that Brothers left work for medical reasons and could not return to his previous job without restrictions. Brothers appealed and after a telephone hearing wherein both parties testified, an appeals referee found that because Brothers was not released to his regular work his claim should be denied. Brothers appealed to the Board of Labor Appeals. However, after hearing testimony and considering the case, the Board adopted the findings of the appeals referee.
Brothers then filed a Petition for Judicial Review with the District Court. On April 17,1995, the District Court issued an Order affirming the decision of the Board. Brothers now appeals the District Court’s Order.
Discussion
Did the District Court err in affirming the Board’s decision denying Brothers’ claim for unemployment insurance benefits?
A district court’s review of a decision of the Board is not governed by the Montana Administrative Procedure Act. Schneeman v. State Dept. of Labor & Ind. (1993), 257 Mont. 254, 257, 848 P.2d *109 504, 506 (citing City of Billings v. State Bd. of Labor Appeals (1983), 204 Mont. 38, 663 P.2d 1167). Instead, a district court’s review is limited by § 39-51-2410(5), MCA, which provides:
In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.
Under § 39-51-2410(5), MCA, a district court may not balance conflicting evidence in support of and in opposition to the Board’s findings, determine which is the more substantial evidence, or consider where the preponderance of the evidence lies; to do so would substitute the district court’s view of the evidence for that of the Board, nullifying the conclusive nature of the Board’s findings. Stine v. Western Federal Sav. Bank (1994), 266 Mont. 83, 86, 879 P.2d 53, 55 (citing Reynolds v. Pacific Telecom, Inc. (1993), 259 Mont. 309, 314, 856 P.2d 1365, 1368).
This Court’s review of a district court’s determination in unemployment compensation cases is governed by the same standard. Section 39-51-2410(6), MCA, provides:
An appeal may be taken from the decision of the district court to the supreme court of Montana in the same manner, but not inconsistent with the provisions of this chapter, as is provided in civil cases.
Here, the issue involves an interpretation of the law, rather than a dispute over the facts. In the case before us, the appeals referee and the Board denied Brothers’ claim for unemployment benefits on the grounds that Brothers was not released to his regular or comparable work and, consequently, he had not complied with the provisions of § 39-51-2302(2), MCA. Under this statute, an employee is not disqualified from unemployment benefits if he meets four conditions: he left his employment because of personal illness or injury upon the advice of a licensed and practicing physician; he recovers from the illness or injury and his recovery is certified by a licensed and practicing physician; he returns to his employer and offers his services; and his regular or comparable suitable work is not available.
After review, the District Court affirmed the denial of Brothers’ claim and determined that
Cargill’s initial decision to temporarily modify claimant’s job for a limited time did not, as a matter of law, have the effect of converting the regular millman job into a light duty millman job. As a consequence, when claimant was released from his back surgery *110 with a light duty restriction, he was not released to his regular work.
Brothers contends that because his job was modified by his employer to light duty work and because he performed the light duty work for the nine months prior to his surgery, the light duty work became his “regular work.” Additionally, he argues that his physician did release him to perform his “regular work,” the same light duty work he was doing prior to his surgery.
Thus the determinative question here is what is meant by the phrases “regular work” and “comparable suitable work.” These phrases, however, are not statutorily defined. The interpretation and application of a statute to a particular set of circumstances are matters of law. In Matter of Denial of App. for Iss. of Beer/Wine Lic. (1994), 267 Mont. 298, 301, 883 P.2d 833, 835. An administrative agency’s conclusions of law are reviewed by district courts and this Court to determine whether those conclusions are correct. Denial of App., 883 P.2d at 835 (citing GBN, Inc. v. Montana Dept. of Revenue (1991), 249 Mont. 261, 264, 815 P.2d 595, 597; Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).
We stated in Gulbrandson v. Carey (1995), 272 Mont. 494, 500, 901 P.2d 573, 577, that:
Our function in construing and applying statutes is to effectuate the legislature’s intent. United States v. Brooks (1995), [270 Mont. 136, 138-40], 890 P.2d 759, 761. To determine legislative intent, we first look to the plain meaning of the words used in the statute. Stansbury v. Lin (1993), 257 Mont. 245, 249, 848 P.2d 509, 511. If the legislature’s intent can be determined by the plain language of the words used, we may not go further and apply other means of interpretation. Prairie County Co-op State Grazing District v. Kalfell Ranch, Inc. (1994), 269 Mont. 117, 124-125, 887 P.2d 241, 246. It is only when the intent cannot be determined from the language of the statute that we will examine legislative history. Matter of Kalfell Ranch, Inc., 887 P.2d at 246.
In the case before us and absent statutory definitions for the phrases “regular work” or “comparable suitable work,” we conclude that the plain meaning of the words used by the legislature controls. “Regular” means normal, typical or natural. Webster’s Ninth New Collegiate Dictionary 992 (1986). “Suitable” means matching, fit or able. Webster’s Ninth New Collegiate Dictionary 1180 (1986). “Comparable” means equivalent or similar. Webster’s Ninth New Collegiate Dictionary 267 (1986). Thus an employee’s regular work is that *111 which he does normally, typically or naturally. Comparable suitable work is equivalent or similar work with matching duties.
For the nine months prior to his surgery, Brothers was not performing the work of a Millman III. He was working in a position created for him by his employer. Regardless of what the job description says, the employer chooses what the employee actually does. Work is specific to the employee, not to the job description. If the employer chooses duties different than those set forth in the job description, whether for the convenience of the employer or the employee, and the employee performs those duties, that work with those duties is what the employee does “normally, typically and naturally.” That modified position, thus, constitutes the employee’s regular work, absent some agreement, direction or evidence that the modified duties are merely temporary under the facts and circumstances of the case at issue. Obviously, the longer the employee performs his duties as modified by his employer, the more likely it will follow that the modified position has become the employee’s regular work. The same conclusion will obtain if the time during which the employee is to perform his modified duties is left open-ended by the employer.
Here the factual record does not support a legal conclusion that Cargill’s modifications of Brothers’ job duties were temporary. In point of fact, Brothers performed his duties as modified by Cargill for nine months, and it appears that Brothers could have continued performing those same modified duties indefinitely. Thus, it follows, that Brothers’ modified duties were his regular work. To conclude otherwise would allow an employer to defeat an employee’s claim for unemployment benefits by the simple expedient of directing the employee to perform duties different from those in his job description and then claiming that the employee was not engaged in his “regular work.” There is nothing in § 39-51-2302, MCA, that leads inescapably to the conclusion that the legislature intended “regular work” and “comparable suitable work” to be synonymous with “job description.”
Accordingly, we hold that the Board and the District Court erred in concluding that the work Brothers performed prior to his back surgery was not his regular work. Thus, Brothers’ claim for unemployment benefits should not have been denied since he meets the requirements of § 39-51-2302(2), MCA. Brothers left his employment because of his back injury and upon the advice of his doctor; he recovered from the back injury and his recovery was certified by his *112 doctor; he returned to Cargill and offered his services; and his regular work or comparable suitable work was not available.
Therefore, we reverse the decision of the District Court and we remand for further proceedings consistent with this opinion.
JUSTICES HUNT, TRIEWEILER and LEAPHART concur.