JUSTICE TRIEWEILER
dissenting.
¶15 I dissent from the majority’s opinion and order, I would reverse the Sentence Review Division’s order denying review of the sentence imposed by the District Court on the Defendant, George Harold Holt.
¶16 The majority opinion sets forth various guidelines for interpreting statutes and then applies those guidelines to its interpretation of § 45-18-903(1), MCA. However, the majority has ignored the primary rule of statutory application which requires that when statutory language is plain on its face, it must be applied as written and extraneous aids to interpretation are irrelevant.
¶17 In Gulbrandson v. Carey (1995), 272 Mont. 494, 500, 901 P.2d 573, 577, we said:
Our function in construing and applying statutes is to effectuate the legislature’s intent. United States v. Brooks (1995), 270 Mont. 136, 138-40, 890 P.2d 759, 761. To determine legislative intent, we first look to the plain meaning of the words used in the statute. Stansbury v. Lin (1993), 257 Mont. 245, 249, 848 P.2d 509, 511. If the legislature’s intent can be determined by the plain language of the words used, we may not go further and apply other means of interpretation. Prairie County Co-op State Grazing District v. Kalfell Ranch, Inc. (1994), 269 Mont. 117, 124-25, 887 P.2d 241, 246
Furthermore, § 1-2-101, MCA, provides in part:
In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.
¶ 18 In this case, the majority has relied on extraneous aids to interpret a statute which is plain on its face and needs no interpretation. In the process, the majority has ignored the plain terms and substance of the statute and instead added a provision which was not included by the legislature.
¶19 Section 46-18-903(1), MCA provides in relevant part that:
Any person sentenced to a term of 1 year or more in the state prison by any court of competent jurisdiction may within 60 days from the date such sentence was imposed,... file with the clerk of the district court in the county in which judgment was rendered an application for review of the sentence by the review division.
*42 George Harold Holt was sentenced to a term of “1 year or more in the state prison.” The District Court judgment specifically provides that:
[T]he Defendant shall be imprisoned in the Montana State Prison at Deer Lodge, Montana, for a period of ten (10) years, said sentence to be suspended on the following conditions:
¶20 Therefore, Holt satisfied the criteria established by the plain terms of § 46-18-903(1), MCA, for sentence review by the Sentence Review Division. However, the majority has added to that language the requirement that an applicant for review be actually incarcerated at the time he or she seeks review. That requirement does not exist in the statute as written.
¶21 In order to avoid the effect of the plain language of the statute, the majority opinion talks about being consistent with the sentence review statutes as a whole, reflecting the intent of the legislature, and avoiding unduly harsh results. However, none of those factors are relevant when statutory language is plain and can be applied as written.
¶22 Furthermore, if the extraneous factors relied on by the majority were relevant, it is the majority opinion which creates absurd or unduly harsh results. In this case, for example, Holt had 24 conditions attached to the suspension of his sentence. The conditions affected his liberty and his property rights. They included taxation of substantial defense costs, restitution to the victim, a requirement that he sell his home and move from his neighborhood, limitations on the personal property he can possess, limitations on the beverages he can consume, requirements that he waive rights to privacy, and a requirement that he post a notice outside his home identifying himself as a sex offender. He is also prohibited from engaging in activities that other adults may freely engage in and his freedom of association is substantially limited. A violation of any condition results in the revocation of the suspension of his sentence and actual incarceration at the state prison for a period of ten years. Holt is now over 84 years of age.
¶23 The primary objective of the Sentence Review Division is to “provide for uniformity in sentencing when appropriate and to ensure that the interest of the public and the defendant are adequately addressed by the sentence.” Rule 16, Mont. S. Ct. Sentence Rev. Div. The purpose is just as applicable to a suspended sentence as it is to a sentence being served through incarceration. Defendant has no less interest in the length of a sentence just because it has been suspended. That is especially true where his liberties are substantially curtailed *43 as a condition of and during the entire length of the suspended sentence.
¶24 For these reasons, I dissent from the majority opinion. I would reverse the Sentence Review Division’s order which denied review of Holt’s sentence.