No. 00-338

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 61N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BENNETT J. PACE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General, Helena, Montana

Brant Light, County Attorney, Great Falls, Montana; Joe Thaggard

Prosecution Services, Missoula, Montana

For Respondent:

Bennett J. Pace, *pro se*, Missoula, Montana

Submitted on Briefs: September 7, 2000

Decided: April 17, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 A criminal judgment was entered against Bennett J. Pace on May 28, 1996, and Pace did not appeal. He filed a petition for postconviction relief in the Eighth Judicial District Court, Cascade County, on March 15, 2000, and the court dismissed the petition on procedural grounds. Pace appeals and we affirm.

¶3 The only issue on appeal is whether the District Court erred in dismissing Pace's petition as time-barred.

¶4 Section 46-21-102, MCA, provides that a petition for postconviction relief may be filed at any time within 1 year of the date the conviction becomes final. Prior to a 1997 amendment, the statute allowed a criminal defendant 5 years in which to petition for postconviction relief. *See* § 46-21-102, MCA (1995).

¶5 The applicability section of the 1997 amendment provides in pertinent part that the 1-year statute of limitations applies to all convictions which became final after the effective date of April 24, 1997. It also applies to cases in which a criminal conviction became final:

> [D]uring the 12 months prior to the [effective date of this section] if a petition under Title 46, chapter 21, is filed within the 12 months after [the effective date of this section].

1997 Mont. Laws 378, § 9(1) (emphasis added).

¶6 Pace posits that because he did not petition within 12 months after the effective date of the 1997 amendment to § 46-21-102, MCA, the earlier 5-year statute of limitations applies to his petition for postconviction relief. In other words, Pace argues that the Legislature's plain and unambiguous use of "if" means the 1-year statute of limitations does not apply to all convictions which became final within the 12 months prior to the effective date of the amendment; it applies to those convictions only if the defendant files his or her petition within 12 months following the effective date of the amendment.

¶7 Our function in construing statutes is to effectuate the Legislature's intent. *United States v. Brooks* (1995), 270 Mont. 136, 139, 890 P.2d 759, 761. To determine legislative intent, we look first to the plain meaning of the words used in the statute. *Stansbury v. Lin* (1993), 257 Mont. 245, 249, 848 P.2d 509, 511. We are to avoid literal applications of the words of a statute which lead to absurd results, however, when a reasonable explanation can be given consistent with the legislative purpose. *See State v. Trimmer* (1985), 214 Mont. 427, 432-33, 694 P.2d 490, 493 (citations omitted).

¶8 Under Pace's interpretation, the statute of limitations for filing a petition for postconviction relief would be 1 year or 5 years depending entirely on when a person convicted within 12 months prior to the effective date of the 1997 amendment chose to file the petition. This approach vests determination of whether the 1-year or 5-year statute of limitations applies in the sole discretion of the convicted person. Such an interpretation of the applicability provision produces an absurd result, however, in light of the legislative intent reflected in the body of the 1997 amendment to reduce the time for filing a petition for postconviction relief from 5 years to 1 year.

¶9 We are persuaded that the construction of the 1997 applicability provision advanced by the State of Montana is consistent with the overall legislative purpose of shortening the time for filing postconviction petitions and, consequently, we adopt it. The 1997 amendment to § 46-21-102, MCA, applies to all criminal convictions which became final during the 12 months prior to the April 24, 1997, effective date of the amendment. For all such convictions, the Legislature provided the full 1-year statute of limitations period after the effective date of the amendment for the filing of a postconviction petition.

¶10 Pace's May 28, 1996, conviction became final 60 days thereafter, on July 27, 1996, when his time for filing a notice of appeal expired. *See* § 46-21-102(1)(a), MCA. That date

was within 12 months before the April 24, 1997, effective date of the amendment to § 46-21-102, MCA, and, as a result, Pace had until April 24, 1998--12 months after the effective date

--in which to file his petition for postconviction relief. Pace filed his petition on March 15, 2000, nearly 2 years too late.

¶11 We hold the District Court did not err in dismissing Pace's petition for postconviction relief as time-barred.

¶12 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler concurring.

¶13 I concur with the result of the majority opinion. However, I do not agree with the reasons given in support of that opinion.

¶14 The applicability provision for the 1997 amendment to § 46-21-102, MCA, clearly provides for application to criminal convictions which became final during the 12 months prior to the amendment's effective date ". . . if a petition under Title 46, Chapter 21, is filed within 12 months after [the effective date of this section]." Section 9(1), Ch. 378, L. 1997.

¶15 While I agree with the majority that giving literal application to this provision's plain language would lead to strange results, I disagree with the majority's willingness to ignore plain legislative language to arrive at a more reasonable result. Doing so ignores our principle rule of construction which is that:

> In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. . . ."

Section 1-2-101, MCA.

¶16 Therefore, I would not affirm dismissal of Pace's petition for post-conviction relief based on the 1997 amendment to the statute of limitations. Based on the plain language of the applicability section, I would conclude that Pace's petition is not barred by the statute of limitations.

¶17 However, I would arrive at the same result for a different reason. Pace contended in his petition for post-conviction relief that he was illegally sentenced when the district court designated him a dangerous offender, even though the dangerous offender statute had been repealed by the time his sentence was imposed. That argument could have been made on appeal following imposition of his sentence. Therefore, Pace is statutorily barred from raising that issue by petition for post-conviction relief. Section 46-21-105(2), MCA, provides that a party may not raise by petition for post-conviction relief issues which he had an opportunity to raise on direct appeal if he did not so.

¶18 Therefore, although I disagree with the reasoning of the majority, I concur in the majority's decision to affirm the judgment of the district court.

/S/ TERRY N. TRIEWEILER