No. 88-415
88-422

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

No. 88-415

KIM RIVERA,

Petitioner and Respondent,

-vs-

JANET E. ESCHLER, Justice of the Peace,
Justice Court, YELLOWSTONE COUNTY,
MONTANA,

Respondent and Appellant.

No. 88-422

STATE, ex rel., TERRY VUKASIN,

Plaintiff and Respondent,

-vs-

THE JUSTICE COURT OF YELLOWSTONE COUNTY,
MONTANA, and JANET E. ESCHLER, JUSTICE OF
THE PEACE,

Defendants and Appellants.

APPEAL FROM:   The District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:
     For Appellant:
          Harold Hanser, County Attorney, David Hoefer, Deputy,
          Billings, Montana   (88-415 & 88-422)
     For Respondent:
          Scott Gratton; Anderson, Brown Law Firm, Billings,
          Montana   (88-415)
          Addison Sessions; Thompson & Sessions, Billings,
          Montana   (88-422)

Submitted:   December 9, 1988
  Decided:   January 10, 1989

Filed:

ED SMITH
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case comes to us from the issuance of a writ of certiorari by the Honorable Robert Holmstrom, Thirteenth Judicial District Court, Montana, annulling an order entered by the appellant, Janet Eschler, Justice of the Peace, Yellowstone County. We affirm.

On September 23, 1986, the respondent, Kim Rivera, was found guilty of driving a motor vehicle under the influence of alcohol. Appellant Janet Eschler, Yellowstone County Justice of the Peace, sentenced the respondent to a one-year suspended sentence, imposed a fine of $400, required respondent to complete the Rimrock Foundation DUI school and "treatment as necessary." At the completion of counseling, respondent engaged in an exit interview. On the basis of the interview, Rimrock Foundation counselors recommended the respondent enroll in an inpatient treatment facility. On February 4, 1987, appellant ordered the respondent to follow the recommendations of the counselor at the Rimrock Foundation and perform the following:

> (a) That the defendant enroll in a licensed chemical dependency center;
>
> (b) That the defendant abide by all aftercare recommendations made by the facility upon completion of treatment;
>
> (c) That the defendant abstain from all use of alcohol and drugs;
>
> (d) That the defendant appear before this court on February 9, 1987, at 4:30 p.m. At this time defendant shall state to the court the place and date of his treatment enrollment. All arrangements must be made by said date or cause a warrant to be issued, and defendant incarcerated.

The respondent petitioned the District Court to exercise certiorari. On May 26, 1988, District Court Judge Holmstrom annulled the order, finding appellant lacked jurisdiction to modify the initial sentence.

The facts and procedure involving the second respondent, Terry Vukasin, are directly analogous to the Rivera case. Pursuant to a sentencing order dated November 30, 1987, Vukasin completed an alcohol treatment program. On January 21, 1988, Justice Eschler directed Vukasin to follow recommendations of Rimrock Foundation counselors, enroll in a licensed chemical dependency treatment center and attend aftercare treatment. On June 20, 1988, District Court Judge G. Todd Baugh deferred to Judge Holmstrom's decision in the Rivera case and directed the January 21, 1988 order annulled. The appellant's motion for consolidation acknowledges the analogous nature of the two cases.

Appellant presents a single issue on appeal:

> 1. Did Justice of the Peace Eschler have jurisdiction, pursuant to section 61-8-714(4), MCA, to order respondents, both convicted of the offense of driving under the influence of alcohol, to enroll in a licensed chemical dependency center, to abstain from all use of alcohol and drugs, and to abide by all aftercare recommendations made by the facility upon the completion of treatment?

In addition, respondents question the constitutionality of the orders, alleging a violation of their due process rights by the disallowance of a hearing and counsel prior to sentencing. Because this appeal can be decided solely on the question of statutory authority, we need not address respondents' constitutional argument.

Section 61-8-714, MCA, provides in pertinent part:

> 61-8-714. Penalty for driving under the influence of alcohol or drugs. (1) A

> person convicted of a violation of
> 61-8-401 shall be punished by
> imprisonment in the county jail for not
> less than 24 consecutive hours or more
> than 60 days, and shall be punished by a
> fine of not less than $100 or more than
> $500 . . .
>
> . . .
>
> (4) In addition to the punishment
> provided in this section, regardless of
> disposition, the defendant shall complete
> an alcohol information course at an
> alcohol treatment program approved by the
> department of institutions, which may
> include alcohol or drug treatment, or
> both, if considered necessary by the
> counselor conducting the program. Each
> counselor providing such education or
> treatment shall, at the commencement of
> the education or treatment, notify the
> court that the defendant has been
> enrolled in a course or treatment
> program. If the defendant fails to
> attend the course or the treatment
> program, the counselor shall notify the
> court of the failure.

Appellant contends the language of § 61-8-714(4), MCA, allows for continuing authority to modify respondents' sentences, claiming the subsequent order is necessary to enforce the sentencing statute. This Court does not agree with appellant's interpretation.

This Court has consistently held that "[o]nce a valid sentence has been pronounced, the court imposing the same is lacking in jurisdiction to vacate or modify the sentence, except as otherwise provided by statute. . ." State v. Porter (1964), 143 Mont. 528, 540, 391 P.2d 704, 711; Wilkinson v. State (1983), 205 Mont. 237, 667 P.2d 413. For example, we found such specific authorization in § 46-18-203, MCA, previously 95-2206, RCM (1947):

4

> [A] judge, magistrate, or justice of the peace who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under 46-18-201 . . . is authorized in his discretion <u>to revoke</u> the suspension or impose a sentence <u>and order the person committed</u>. He may <u>also</u>, in his discretion, order the prisoner placed under the jurisdiction of the department of institutions as provided by law <u>or retain</u> such jurisdiction with the court. . . (Emphasis added.)

The plain meaning of the statute gave the district court three mutually exclusive alternatives for handling a defendant who violated the terms of his probation, and could thereby modify the sentence. State v. Downing (1979), 181 Mont. 242, 593 P.2d 43. "While [the alternatives] give the District Court some latitude in dealing with probation violators, they do not vest the court with completely unbridled discretion." Downing, 593 P.2d at 45. The explicit authorization necessary to modify the original sentence is notably absent in the present case.

Section 61-8-714, MCA, contemplates all punishment and treatment be contained in the original order. Any other interpretation, we believe, would amount to an improper exercise of jurisdiction. Therefore, we conclude that upon imposition of the valid sentence, the appellant's authority to vacate or modify the sentence ceased.

Affirmed.

Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6