No. 91-467

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

    Plaintiff and Appellant,

-vs-

RICHARD HANNERS,

    Defendant and Respondent.

FILED

SEP 8 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Ravalli,
               The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Hon. Marc Racicot, Attorney General, Helena, Montana
            George Schunk, Assistant Attorney General, Helena,
            Montana
            George Corn, Ravalli County Attorney, Hamilton,
            Montana

        For Respondent:

            Mark  Connell,  Connell,  Beers  and  Alterowitz,
            Missoula, Montana

        For Amicus Curiae:

            James B. Obie, Legal Counsel, Department of
            Corrections and Human Services, Helena, Montana

                        Submitted on Briefs:   May 21, 1992

                                  Decided:   September 8, 1992

Filed:

_____
                  Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Fourth Judicial District, State of Montana, in and for the County of Ravalli. The State of Montana appeals the District Court's June 28, 1991 order and subsequent Amended Judgment of July 10, 1991. We reverse.

Two issues are presented for our consideration:

1. Whether the District Court had jurisdiction to amend a sentence and judgment after it had been pronounced in court, reduced to writing and filed with the clerk of court.

2. Whether the practice of parole and probation officers contacting a sentencing court ex parte and post-judgment for the purposes of obtaining approval to resentence a defendant violates statutory provisions mandating participation by the prosecution in a sentencing hearing conducted in open court.

On December 12, 1990, an information was filed in the District Court, Ravalli County, charging Richard E. Hanners (Hanners) with the crime of criminal possession with intent to sell, a felony, in violation of § 45-9-103, MCA. Defendant Hanners pled not guilty to the charged offense at his arraignment on January 16, 1991. However, Hanners moved the court to withdraw his not guilty plea on April 17, 1991, and he subsequently pled guilty to the offense of criminal possession of marijuana with intent to sell.

After a presentence investigation report was prepared, a sentencing hearing was held on May 15, 1991, and Hanners was sentenced to twenty years' imprisonment in the Montana State Prison

2

with ten years suspended. The court also imposed a fine of $25,000. A written judgment reflecting the conviction and sentence was filed by the District Court on May 31, 1991.

In early June 1991, Department personnel from the Intensive Supervision Program (the ISP) met with the District Court Judge and presented their recommendation that the court amend its judgment and suspend Hanners' entire sentence on the condition that he enter and successfully complete the ISP. The ISP is a program designed as an alternative to prison incarceration operated by the Department of Institutions which has been in effect in several Montana counties for over two years. This recommendation by Department personnel (the Department) was done over the objection of the parole and probation officer of Ravalli County who made an intensive investigation of Hanners' marijuana growing operation prior to sentencing. Following this meeting, the Department contacted the Ravalli County Attorney and requested that he prepare, for the District Court Judge's signature, an amended judgment reflecting the suspension of Hanners' sentence pending participation in the ISP. At the time of the June 19, 1991, hearing on the amended judgment the County Attorney filed a motion requesting that the court reject the Department's recommendation of suspending Hanners' original sentence.

It is the position of the appellant, State, argued by the County Attorney, that once the District Court signed its May 15, 1991 sentence, it was without jurisdiction to amend it. It has been well established in Montana once a valid judgment and sentence

3

have been signed, the court imposing that sentence had no jurisdiction to vacate or modify it except as provided by statute. Rivera v. Eschler (1989), 235 Mont. 350, 767 P.2d 336; Petition of Arledge (1988), 232 Mont. 450, 756 P.2d 1169; Dahlman v. District Court, Seventeenth Judicial District (1985), 215 Mont. 470, 698 P.2d 423. As of the time of the modification of the judgment by the District Court Judge, the only statutory provision that such modification could be done was under the post-conviction relief statute, § 46-21-101, MCA. In addition, under a recently enacted provision applicable to sentencing effective after October 1, 1991, an offender could petition a sentencing court for an order directing that his or her sentence of imprisonment be served under the conditions of home arrest. As was argued by the County Attorney to the District Court Judge, this provision is distinct from the ISP. At the date of this amended sentence, there was neither a statutory nor an administrative rule providing for the modification of a sentence following the recommendation by the Department for the ISP.

While § 45-9-202(2)(d), MCA (1991), now effective, does allow the sentencing authority to designate at the time of sentencing the ISP program with provisions, such authority did not grant the District Court jurisdiction to modify a previously rendered sentence.

We hold that the District Court's actions in ordering the amended judgment prepared and subsequent signing and filing of that amended judgment was an improper exercise of the District Court's

4

jurisdiction. The amended judgment is therefore null and void and should be declared stricken from the record and the matter returned to the District Court to enter a proper sentence under the existing law.

While the second issue of whether the practice of parole and probation officers contacting a sentencing court ex parte and post-judgment for the purposes of obtaining approval to resentence a defendant violates statutory provisions mandating participation by the prosecution in a sentencing hearing conducted in open court is before us, we find that having determined that the District Court lacked jurisdiction to modify the sentence, this second issue will not be considered.

The District Court is reversed and this cause is remanded with instructions consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

5

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion.

The majority states the rule of law correctly as far as it goes. A sentencing court has no jurisdiction to vacate or modify a sentence, except as provided by statute. What the majority fails to point out is that under the circumstances presented in this case there was specific statutory authority for the District Court's modification of the defendant's sentence.

Section 46-18-203, MCA (1989) (the form of that statute that was in effect at the time that this sentence was modified), provided in relevant part as follows:

> (1) A judge . . . who has suspended the execution of a sentence . . . of imprisonment under 46-18-201 . . . . may also, in his discretion, order the prisoner placed under the jurisdiction of the department of institutions as provided by law or retain such jurisdiction with his court.

In this case, the District Court suspended part of the sentence which was imposed by written judgment on May 31, 1991. Therefore, pursuant to § 46-18-203, MCA, the District Judge retained jurisdiction to, in his discretion, place the defendant under the jurisdiction of the Department of Institutions. That is exactly what he did.

The defendant did not initiate his enrollment in the intensive supervision program. He was contacted by representatives from the Corrections Division of the Montana Department of Institutions who suggested the intensive supervision program as an alternative to incarceration at the State Prison. That program, which is intended

6

to eliminate overcrowding at the prison while still punishing and supervising those who are convicted of crimes, provides for an eight or nine month incarceration in the defendant's home with intensive supervision by probation and parole officers. The supervision includes electronic monitoring, unscheduled visits and searches, urinalysis, participation in employment counseling, and community service. At the end of the eight months of house incarceration, the defendant is placed on regular probation during the duration of his sentence.

The defendant agreed to be considered for the program and the screening committee unanimously agreed to recommend him for placement in the program. A member of the committee advised the District Judge of this option. The prosecuting attorney was advised of the District Court's inclination to agree with this option. The prosecuting attorney objected and a hearing was held before the sentence was modified.

After the sentence was modified, defendant complied with the terms of the intensive supervision program. At all times during his compliance he was under the supervision, and therefore, jurisdiction of the Department of Institutions, as provided for in § 46-18-203, MCA (1989).

Now that he has fully complied with the terms of the sentence that was requested by one state agency (Department of Institutions), he is being required to serve a second sentence because of the objection of a second state agency (County Attorney's Office). Because of the alternative sentence which was

7

requested by the Department of Institutions for the State of Montana, the defendant served eight months of house arrest and was denied the opportunity to have his prison sentence behind him by now.

Even if I did not conclude that the District Court had jurisdiction to modify the defendant's sentence pursuant to the aforementioned statute, I would conclude that one agency of the state is estopped from imposing a second sentence on the defendant after a different agency of the state had induced him to serve his sentence in a different manner. Estoppel arises when a party by his or its acts causes another in good faith to change his position to his detriment. *Powers Mfg. Co. v. Leon Jacobs Enterprises* (1985), 216 Mont. 407, 701 P.2d 1377. That is certainly what happened to the defendant in this case.

Through no fault of his own, and based upon the majority's willingness to overlook the statutory basis for the District Court's continuing jurisdiction to do what it did in this case, incredibly, this defendant is being required to serve two sentences for the same crime.

The majority opinion is, to say the least, a strange and unfair result.

For these reasons, I dissent.

_____
                         Justice

8