NO.  95-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

DAVID MORA,

        Defendant and Appellant.

FILED

AUG 06 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Russell C. Fagg, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Carrie L. Garber, Deputy Public Defender, Billings
            Montana

        For Respondent:

            Hon. Joseph P. Mazurek, Attorney General,
            Jennifer Anders, Ass't Attorney General,
            Helena, Montana

            Dennis Paxinos, Yellowstone County Attorney
            Margaret R. Gallagher, Deputy County Attorney
            Billings, Montana


                        Submitted on Briefs:   June 13, 1996

                                Decided:   August 6, 1996

Filed:

_____
            Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

David Mora (Mora) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, dismissing his appeal from a Justice Court conviction. We reverse and remand.

The sole issue on appeal is whether the District Court erred in concluding that it did not have jurisdiction over Mora's appeal.

On January 21, 1995, Mora was arrested on a charge of driving under the influence of alcohol (DUI). Mora appeared before the Yellowstone County Justice Court on February 6, 1995, and entered a plea of not guilty. The Justice Court scheduled a nonjury trial for May 22, 1995. Mora's counsel appeared for the trial on that date, but Mora did not. The Justice Court denied Mora's counsel's motion for a continuance, proceeded with the bench trial in absentia, and found Mora guilty of DUI. In an order dated May 30, 1995, the Justice Court reiterated that it had found Mora guilty of DLJI on May 22, 1995, and ordered that Mora "complete the ACT program at the Mental Health Center and a pre-sentence chemical dependency evaluation and return to Court for sentencing on July 12, 1995 . . ." The ACT program is an alcohol information course which persons convicted of DUI are required to attend pursuant to § 61-8-714, MCA.

Mora filed a notice of appeal from the Justice Court to the District Court on the same day the Justice Court entered its order. The District Court subsequently dismissed Mora's appeal by order dated June 21, 1995, on the basis that the Justice Court had not yet sentenced Mora and, therefore, the appeal was premature. The

2

District Court remanded Mora's case to the Justice court for sentencing.

Mora moved for reconsideration, arguing that the Justice Court had sentenced him when it ordered that he complete the ACT program prior to formal sentencing and, therefore, his notice of appeal to the District Court was not premature. In its order on the motion, the District Court noted that § 61-8-714(4), MCA (1993), authorizes a court to order drug or alcohol treatment, as well as the required information course, for a defendant's first DUI conviction; it reasoned therefrom that a court must have the ability to order alcohol information and assessment before formal sentencing for purposes of determining whether treatment is appropriate. On that basis, the District Court determined that, in ordering Mora to complete the ACT program and a presentence chemical dependency evaluation, the Justice Court did not sentence Mora, but only required that he provide the information it needed to properly sentence him in the future. In addition, the court relied on State v. West (1992), 252 Mont. 83, 826 P.2d 940, in determining that alcohol counseling should not be considered part of the sentence when analyzing jurisdictional questions because it is not ordered for a punitive purpose. After concluding that the Justice Court's order did not constitute a sentence, the District Court reaffirmed its earlier order dismissing Mora's appeal and remanded the case to Justice Court for sentencing. Mora appeals.

Did the District Court err in concluding that it did not have jurisdiction over Mora's appeal?

A defendant in a criminal case may appeal from a justice court

to a district court by filing a notice of appeal within 10 days after the justice court renders a judgment. Section 46-17-311(2), MCA. A judgment includes the sentence pronounced by the court; thus, the imposition of a sentence and final judgment is a prerequisite for an appeal from justice court to district court. State v. Todd (1993), 262 Mont. 108, 111, 863 P.2d 423, 425 (citations omitted). A notice of appeal which is filed before the justice court pronounces sentence is premature and does not vest subject matter jurisdiction in the district court. Todd, 863 P.2d at 425.

Mora contends that the District Court erred when it determined that the Justice Court did not pronounce sentence by ordering him to complete the ACT program and receive a presentence chemical dependency evaluation. He argues that no authority exists for a two-step sentencing procedure in which a defendant is ordered to complete an alcohol information course and evaluation and then to return to court for additional sentencing. Mora asserts that such a procedure impermissibly circumvents this Court's holding in Rivera v. Eschler (1989), 235 Mont. 350, 767 P.2d 336.

The State of Montana (State) contends that, although the holding in Rivera prohibits a justice court from ordering treatment after a valid sentence has been imposed, the Justice Court in the present case avoided that result by ordering Mora to get an alcohol dependency evaluation before formally sentencing him to treatment. The State asserts that an order to complete a presentence alcohol dependency evaluation does not impose a sentence and, therefore,

4

the Justice Court retained the ability to later sentence Mora to follow any treatment recommendations that may be made after he attends the ACT program.

Section 61-8-714, MCA, is the DUI sentencing statute and the 1993 version of the statute applies to Mora's DUI conviction; subsections (1) through (3) provide the parameters for jail time and fines within which a court must sentence a person for first and subsequent DUI convictions. The portion of the statute at issue here provides that

> [i]n addition to the punishment provided in this section, regardless of disposition, the defendant shall complete an alcohol information course at an alcohol treatment program approved by the department of corrections and human services, which may, in the sentencing court's discretion and upon recommendation of a certified chemical dependency counselor, include alcohol or drug treatment, or both. On conviction of a second or subsequent offense under this section, in addition to the punishment provided in this section, regardless of disposition, the defendant shall complete an alcohol information course which must include alcohol or drug treatment, or both. The treatment provided to the defendant at a treatment program must be at a level appropriate to the defendant's alcohol problem, as determined by the judge based upon the recommendation from the certified chemical dependency counselor.

Section 61-8-714(4), MCA (1993). By its clear language, the statute mandates that, as part of a DUI sentence, the court must require the defendant to complete an alcohol information course. On a first DUI conviction, the court may--in its discretion--also require that alcohol treatment be included in the alcohol information course, but only if a certified chemical dependency counselor recommends such treatment. Thus, while the requirement that the alcohol information course be completed is part of the

5

sentence, a court necessarily must obtain a chemical dependency evaluation and recommendation prior to sentencing if it is inclined to consider requiring alcohol treatment as part of the sentence. Although a presentence evaluation is in the nature of a presentence investigation which, pursuant to § 46-18-111, MCA, may only be ordered by a district court, § 61-8-714(4), MCA (1993), clearly authorizes a court sentencing a defendant convicted of a first offense DUI to order and obtain a presentence chemical dependency evaluation.

Here, the Justice Court ordered Mora to 1) complete the ACT program; 2) complete a presentence chemical dependency evaluation; and 3) return for sentencing. Under § 61-8-714(4), MCA (1993), the requirement that Mora complete the alcohol information course clearly is a sentence.

If the Justice Court desired to consider including alcohol treatment in Mora's sentence, the statute required it to obtain a chemical dependency evaluation and recommendation prior to imposing any part of the sentence, but not concurrently with imposing a sentence. Indeed, the Justice Court may have attempted to do so here by requiring Mora to obtain the evaluation and then return for sentencing. These two steps, without the earlier order sentencing Mora to complete the alcohol information course, would have enabled the Justice Court to obtain the desired evaluation and then determine whether to include alcohol treatment in Mora's sentence. We conclude, however, that the initial sentence that Mora complete the course negated any further sentencing authority in the court.

6

Rivera does not resolve the precise issue presently before us, but it clearly supports our conclusion. In Rivers., the defendant was convicted of DUI and the justice court included in the defendant's sentence a requirement that she attend a DUI school and complete "treatment as necessary." Rivera, 767 P.2d at 337. When the defendant completed the counseling portion of the DUI school, her counselor recommended that she receive in-patient alcohol treatment. Rivera, 767 P.2d at 337. The justice court then modified the defendant's sentence, ordering her to follow the recommendations of the counselor and adding certain specific requirements to the sentence. Rivera, 767 P.2d at 337. We held that § 61-f-714, MCA, the DUI sentencing statute, contemplated that all punishment and treatment be contained in the original order. Rivera, 767 P.2d at 338. Thus, when the justice court's original order required the defendant to complete DUI school and treatment as necessary, it imposed a valid sentence and, once that sentence was imposed, the justice court had no authority to later modify it. Rivera, 767 P.2d at 338.

Nor does West, on which the District Court relied, support the State's argument that the Justice Court did not sentence Mora when it ordered that he complete the ACT program. The defendant in West argued, in part, that the justice court did not have original jurisdiction over his case because the sentence for his DUI conviction included a requirement that he attend an alcohol treatment program, which program potentially could exceed the one-year maximum penalty for a misdemeanor offense. West, 826 P.2d at

7

946.   This Court held that including alcohol treatment in a defendant's DUI sentence did not increase the offense to a felony, even though there was no time limit on length of the treatment, because the purpose of requiring a defendant to attend treatment is to protect the public from DUI offenders rather than to punish the defendant.   West, 826 P.2d at 946.   We also held in West that the purpose of alcohol treatment is to try to rehabilitate the offender "in an effort to reduce the number of fatalities related to drinking and driving on Montana's roads and highways." West, 826 P.2d at 946.   Nowhere in West did we state or indicate that alcohol treatment or counseling is not part of a DUI sentence; we simply held that treatment serves the purpose of rehabilitation rather than punishment within the sentence.   The West holding merely reiterates Montana's statutorily stated correctional policy, which is "to protect society by preventing crime through punishment and rehabilitation of the convicted."   See § 46-18-101(2), MCA. Thus, the District Court misapplied West in concluding that alcohol counseling and treatment should not be considered part of the sentence when determining jurisdictional issues.

The record before us reflects that the Justice Court sentenced Mora when it ordered him to complete the alcohol information course which, pursuant to § 61-8-714(4), MCA (1993), is a required part of DUI sentences.   At that point, the Justice Court lost jurisdiction to later modify that sentence.   Rivera, 767 P.2d at 338. Additionally, once the Justice Court imposed sentence, judgment had been rendered and the sentence and final judgment which are the

8

prerequisites for an appeal from justice court to district court had been fulfilled. Todd, 863 P.2d at 425. We hold, therefore, that Mora's notice of appeal from the Justice Court was not premature and that the District Court erred in concluding that it did not have jurisdiction over the appeal and in dismissing the appeal.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices