No. 99-549

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 268

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MARTIN MENNO FIELD,

Defendant and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Amy N. Guth, Libby, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Jim Wheelis, Assistant Attorney General,
Helena, Montana; Bernie Cassidy, Lincoln County Attorney, Libby, Montana

Submitted on Briefs: April 13, 2000
Decided: October 18, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 On March 2, 1987, Martin Menno Field (Field) was convicted of felony deviate sexual conduct. Field was sentenced to sixteen years at the Montana State Prison, with eight years suspended. On September 8, 1999, the Nineteenth Judicial District Court, Lincoln County, issued an order revoking the suspended portion of Field's sentence for violation of a special condition of his probationary sentence that prohibited him from being alone with minors. We reverse.

¶2 The only issue on appeal is as follows:

Did the District Court correctly revoke Field's probationary sentence for violating a special probationary condition prohibiting him from being alone with minors?

## FACTUAL BACKGROUND

¶3 On March 2, 1987, Field was sentenced to sixteen (16) years with eight (8) suspended, to the Montana State Prison for the crime of felony deviate sexual conduct. The sentencing court further ordered that Field complete the sex offender program prior to parole. For the suspended portion of Field's sentence, the 1987 judgment attempted to incorporate conditions that might be imposed on probation:

> 3. That upon the Defendant's discharge from the Montana State Prison, he shall be placed under the jurisdiction of the Montana Probation and Parole Bureau and any agent of said Bureau is hereby authorized, ordered and directed to arrange and establish such rules as may be deemed necessary for Defendant's compliance with the terms of this Judgment; that said agent has full authorization to modify, increase or reduce the requirements of such rules, and any such rules shall constitute part and parcel of this Judgment; and, the Defendant shall be subject to compliance therewith

and further subject to the penalties imposed for any violation thereof.

¶4 On May 28, 1991, Field was discharged from prison and commenced his probationary sentence. The Department of Institutions established conditions for his probation and required Field to initial alongside the conditions listed upon a typed form, and sign the bottom. Under the heading of "special conditions" the probation officer could check boxes indicating which special conditions applied. Some were checked while others were left blank. The last line under this section was left open, so that the probation officer could write in a condition. This line contained a hand written special condition providing: "You shall not be alone with minor children."

¶5 On January 9, 1998, the State moved to revoke his probation on information provided by George Clough, Field's probation officer, that Field had violated the probation condition prohibiting him from being alone with a minor. On July 28, 1998, Field and the State entered into a deferred prosecution agreement on that offense, and the agreement required that he attend a sex offender treatment program. Field admitted, as part of this agreement, to having unsupervised contact with a sixteen year old boy.

¶6 On November 9, 1998, the State moved the District Court to issue a warrant for Field's arrest for violation of the terms of the deferred prosecution agreement. The State's amended petition alleged that (1) Field had violated the deferred prosecution agreement because he had been terminated from the sexual offender treatment program, and (2) Field had violated the conditions attached to his suspended sentence because he had been alone with two minors in violation of the special condition prohibiting him from being alone with minors.

¶7 On March 11, 1999, the District Court conducted a hearing on this matter. Field maintained that the District Court should not revoke his suspended sentence based upon a violation of the special condition, in that the special condition was not made part of the Judgment. On March 18, 1999, Field submitted a memorandum in support of the finding that he did not violate the terms of probation. On April 9, 1999, the State filed a response. The District Court denied Field's motion to dismiss and issued findings of fact, conclusions of law, and order on June 1, 1999, holding that Field had violated both the deferred prosecution agreement and the probation condition restricting him from being alone with minors.

¶8 On September 8, 1999, the District Court passed judgment and sentenced Field to serve

his probationary sentence of eight (8) years. The District Court awarded Field credit for five (5) years and two hundred six (206) days. On September 28, 1999, Field appealed the District Court's decision to this Court.

## STANDARD OF REVIEW

¶9 We review a district court's decision to revoke a suspended sentence by determining whether it abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State. Where the issue is a question of law, review is plenary. State v. Nelson, 1998 MT 227, ¶ 16, 291 Mont. 15, ¶ 16, 966 P.2d 133, ¶ 16; State v. Docken (1995), 274 Mont. 296, 298, 908 P.2d 213, 214.

## DISCUSSION

¶10 **Did the District Court correctly revoke Field's probationary sentence for violating a special probationary condition prohibiting him from being alone with minors?**

¶11 Field argues that the special condition of probation prohibiting him from being alone with minors is invalid as a matter of law. He argues that Montana statutory and constitutional law unequivocally provides that constitutional and civil sentencing restriction rights must be imposed by the court. Field cites § 46-18-801(1), MCA (1987), and U. S. v. Brooks (1995), 270 Mont. 136, 890 P.2d 759, in support of this argument. He points out that the probation officer, without authority of the court, imposed a restriction on Field's constitutional freedom to associate. Field argues, that absent imposition by a district court, this restriction is unenforceable as a matter of law.

¶12 The State counters that under § 46-18-801, MCA (1995), as amended after *Brooks*, a judgment may incorporate by reference probation conditions affecting civil or constitutional rights. To be effective, the conditions themselves need not be specifically enumerated in the judgment. The State argues that although the amendment was retroactive, it does not have an impermissible *ex post facto* effect on Field because the acts for which his probation was revoked occurred after the amendment. The State claims that neither *Brooks* nor the statutory changes expunged the language of earlier sentences incorporating conditions of probation by reference.

¶13 Montana law in effect at the time of imposition of the special condition provided as

follows:

> (1) Conviction of any offense shall not deprive the offender of any civil or constitutional right except as they shall be specifically enumerated by the sentencing judge as necessary conditions of the sentence directed toward the objectives or rehabilitation and the protection of society.

> (2) No person shall suffer any civil or constitutional disability not specifically included by the sentencing judge in his order or sentence.

Section 46-18-801, MCA (1987). We have held that the plain meaning of this statute would only give effect to probation conditions affecting civil or constitutional rights specifically enumerated by the sentencing judge. *Brooks*, 270 Mont. at 140, 890 P.2d at 762.

¶14 In 1995, the legislature amended this statute to read as follows:

> (1) Conviction of the offense does not deprive the offender of a civil or constitutional right, except as provided in the Montana constitution or as specifically enumerated by the sentencing judge of a necessary condition of the sentence directed toward the objective of rehabilitation and the protection of society. If the sentencing judge incorporates by reference of corrections or the board of pardons and parole setting conditions of probation, parole, or supervised release with which the offender is required to comply, the incorporation by reference constitutes a specific enumeration of the conditions for the purposes of this section.

Section 46-18-801, MCA (1995). Amendments to § 46-18-801, MCA, were made retroactive. 1995 Mont. Laws, ch. 555, § 6.

¶15 This amended statute allows the sentencing judge to incorporate by reference conditions of parole established by the Department of Corrections in effect at the time the sentence is imposed. This statute, however, does not authorize a sentencing judge to grant the Department of Corrections the power to modify a sentence by imposing subsequent constitutional infringements after the judgment and sentence have been signed. We have consistently ruled that a district court is without jurisdiction to amend a valid judgment and sentence once it has been imposed, unless specifically provided by statute. Rivera v. Eschler (1989), 235 Mont. 350, 352, 767 P.2d 336, 338. The legislature has enacted

statutes which specifically allow sentencing modifications. Section 46-18-236, MCA, (modification of restitution payments); Section 46-18-204, MCA, (modification after completion of a deferred sentence). We have held, however, that no statutory authority exists for a district court to delegate its sentencing authority to the Department of Corrections for subsequent sentence revisions. *See*, State v. Hatfield (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029 (sentencing court erred by delegating authority to impose jail time at the discretion of a probation officer); State v. Hanners (1992) 254 Mont. 524, 526, 839 P.2d 1267, 1268 (change the manner of incarceration as requested by the department of institutions was in error). The effect of the 1995 amendment to § 46-18-801, MCA, is to allow a district court to incorporate by reference standard rules of the Department of Corrections in effect at the time the sentence is imposed. It was not to transfer sentencing authority and jurisdiction to the Department of Corrections to modify a sentence as the department sees fit.

¶16 Field argues, and the State agrees, that freedom of association is a constitutionally protected right. We have noted that freedom of association is a constitutionally protected right. Matter of C.H. (1984), 210 Mont. 184, 199, 683 P.2d 931, 939. Therefore, it can only be abridged by a sentencing court if specifically enumerated as a necessary condition of the sentence directed toward the objective of rehabilitation and the protection of society. *Brooks*, 270 Mont. at 140, 890 P.2d at 762. References in the sentencing order to the Department of Correction's conditions of parole, however, constitute a specific enumeration of the referenced conditions. Section 46-18-801, MCA.

¶17 Here, the sentencing judge provided as follows:

> 3. That upon the Defendant's discharge from the Montana State Prison, he shall be placed under the jurisdiction of the Montana Probation and Parole Bureau (now Department of Corrections) and any agent of said Bureau is hereby authorized, ordered and directed to arrange and establish such rules as may be deemed necessary for Defendant's compliance with the terms of this Judgment; that said agent has full authorization to modify, increase or reduce the requirements of such rules, and any such rules shall constitute part and parcel of this Judgment; and, the Defendant shall be subject to compliance therewith and further subject to the penalties imposed for any violation thereof.

The plain language of this provision, of Field's sentencing order, attempts to grant the authority to establish rules and to modify, increase, or reduce the requirements of these

rules as deemed necessary by any agent of the Department of Corrections. The language of this provision fails because of its broad sweeping grant of authority to the Department of Corrections. Although a sentencing judge may incorporate by reference standard conditions of parole established by the Department of Corrections, it cannot grant the Department of Corrections the authority to modify a sentence throughout the term of the sentence.

¶18 From the sentencing judge's provisional grant, a probation officer placed the special condition upon Field that he could not be alone with a minor. No evidence was offered, however, that this special condition upon Field, imposed four years after his sentence, was a standard rule of the Department of Corrections imposed at the time of Field's sentencing in 1987. To the contrary, the fact that this special condition was handwritten in on a typed form under the heading of special conditions, supports the conclusion that it was not a standard rule. Regardless of the *ex post facto* nature of the law, the 1995 amendment to § 46-18-801, MCA, did not grant the Department of Corrections the authority to modify a sentence by imposing subsequent constitutional infringements upon Field's sentence.

¶19 Under either the 1987 version or the amended 1995 version of § 46-18-801, MCA, Field's sentence fails to adequately provide for the special condition that Field not be alone with a minor. Field's incarceration is premised upon his violation of this special condition. No court imposed this condition. Sentencing of Field to an abridgement of his constitutionally protected interest must be preformed by the District Court and articulated at the time of sentencing, not modified four years after the sentence is imposed by a probation officer.

¶20 The District Court's decision is reversed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON