DA 06-0648

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 281

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TANNER PATRICK ANDERSEN-CONWAY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-05-495
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nancy G. Schwartz, Attorney at Law, Billings, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; C. Mark Fowler, Assistant Attorney
General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Corbit S. Harrington, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  September 19, 2007

Decided:  November 6, 2007

Filed:

_____
                  Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Tanner Andersen-Conway appeals from the denial of his motion to dismiss and the revocation of his probation by the Thirteenth Judicial District, Yellowstone County.

¶2      Andersen-Conway raises two issues for our consideration.  He argues that his right to due process was violated because he was not advised of the maximum sentence he could be subject to when he admitted to the offense of sexual assault.  He also alleges that the imposition of an adult sentence after his case was transferred from Youth Court to District Court violated his right to be free from double jeopardy.

¶3      However, we conclude that the dispositive issue is whether the District Court erred in revoking Andersen-Conway's probation and committing him to the Department of Corrections (DOC) based on a violation of conditions not contained in the court-approved stipulation which transferred this case from Youth Court to the District Court.

¶4      On March 15, 2000, the State filed a formal petition in the Yellowstone County Youth Court alleging Andersen-Conway, who was thirteen years old at the time, was a delinquent youth because he had committed the offense of sexual assault.  Andersen-Conway subsequently admitted the allegations in the petition.  On October 12, 2000, the Youth Court adjudicated him a delinquent youth and placed him on probation, with the requirement that he complete outpatient sexual offender treatment.

¶5      Andersen-Conway did not complete treatment as ordered.  In 2002, the State filed a petition to revoke his probation.  Andersen-Conway admitted to the violations alleged in the petition, and on July 18, 2002, the Youth Court held a dispositional hearing.  The Youth Court ordered that Andersen-Conway be committed to the DOC until he was 18, recommended placement at Pine Hills Youth Correctional Facility until successful

2

completion of its sex offender program, and ordered that if Andersen-Conway failed to complete the treatment program, he would be required to register in the sexual offender registry.

¶6    Andersen-Conway was placed at Pine Hills. He was making progress in the sex offender treatment program there; however, he was unable to complete the program before reaching age 18. On May 6, 2004, his eighteenth birthday, he was released from Pine Hills because he had "aged out" of the facility.[1]

¶7    The State and Andersen-Conway entered into a stipulation to transfer supervisory authority over him from Youth Court to District Court, pursuant to § 41-5-208, MCA. The stipulation, dated May 13, 2004, states that the District Court retains jurisdiction over Andersen-Conway until he reaches age 25. It also provides that:

> [T]he purpose for this transfer of supervisory responsibility is to successfully complete an approved course of sex offender treatment, and that supervision may be discontinued upon successful completion. Further, that the Youth does not have to register as a sex offender for the period of time the Youth is in an approved sex offender treatment program. The original order to register will become effective if the Youth fails to successfully complete a sex offender treatment program prior to his twenty-fifth birthday.

The stipulation placed no other conditions or restrictions on Andersen-Conway. The District Court added to the bottom of the stipulation the words "APPROVED and ORDERED this 17th day of May, 2004," and the District Court judge signed it.

¶8    On June 3, 2004, Andersen-Conway signed a form containing the standard conditions of probation adopted by the DOC. The form also listed other conditions of probation that

3

were purportedly ordered by the District Court. However, as noted above, the District Court had not placed any conditions on Andersen-Conway's probation other than requiring that he complete treatment before age 25.

¶9    On April 26, 2005, the State filed a petition to revoke Andersen-Conway's probation, alleging that he had been terminated from sex offender treatment and was violating other conditions of probation, including the requirements to seek and maintain employment and obey all laws. Later, the State filed an additional petition to revoke based on continuing and additional violations of the standard conditions of probation.

¶10    On January 4, 2006, Andersen-Conway filed a motion to dismiss the revocation petition, arguing that the District Court's jurisdiction over him ended when he turned 19 in May 2005, the extension of supervision until age 25 constituted double jeopardy, the transfer to District Court violated his right to a jury trial, and the transfer stipulation was valid only until his nineteenth birthday. In April 2006, the State filed a third petition to revoke, alleging on-going violations of the DOC's standard conditions of probation. On May 2, 2006, the District Court denied his motion to dismiss. On June 1, 2006, Andersen-Conway appeared before the District Court and admitted to the alleged violations of his probation.

¶11    At the dispositional hearing, held July 20, 2006, Andersen-Conway's counsel noted in passing that the stipulation transferring authority to the District Court included "no terms of a suspended sentence or a commitment to DOC." Nevertheless, the District Court committed Andersen-Conway to the DOC until May 5, 2011 (the day before he turns 25), for placement

---

[1] Youth correctional facilities such as Pine Hills only have statutory authority to provide services to youth who are age 10 or older, but younger than age 18. Section 52-5-101(1),

4

in an appropriate facility or program. He now appeals from the denial of his motion to dismiss and the imposition of an adult sentence following the revocation of his probation.

¶12 We review a sentence for legality. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.

¶13 The dispositive issue before the Court is whether the District Court erred in revoking Andersen-Conway's probation and committing him to DOC based upon conditions not ordered by the District Court in its order of May 17, 2004.

¶14 Generally, this Court will not address arguments not raised or supported by the parties themselves. *In re Marriage of McMahon*, 2002 MT 198, ¶ 6, 311 Mont. 175, ¶ 6, 53 P.3d 1266, ¶ 6. However, we have "h[e]ld that a serious error which appears on the face of [the] record is reviewable, although not presented by the parties" if ignoring the error would cause substantial injustice. *Kudrna v. Comet Corp.*, 175 Mont. 29, 51, 572 P.2d 183, 195 (1977). We have also noted that, "'[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged.'" *Kills On Top v. State*, 279 Mont. 384, 400, 928 P.2d 182, 192 (1996) (quoting *Sanders v. U.S.*, 373 U.S. 1, 8, 83 S. Ct. 1068, 1073 (1963)). Andersen-Conway is subject to incarceration as a result of the District Court's order revoking his probationary sentence and committing him to the DOC. We have held that incarceration of an individual pursuant to a facially invalid sentence represents a grievous wrong, and a miscarriage of justice that warrants relief even if the defendant is otherwise procedurally barred. *Lott v. State*, 2006 MT 279, ¶ 22, 334 Mont. 270, ¶ 22, 150 P.3d 337, ¶ 22. Because we must conclude that the District Court erred in

MCA. 5

revoking Andersen-Conway's probation and, most importantly, in committing him to the DOC until he is 25 years of age, we raise and decide the dispositive issue *sua sponte*.

¶15 The Montana Youth Court Act provides that youth courts have original jurisdiction over cases involving persons under the age of 18. Section 41-5-203(1), MCA. A youth court may, on motion by the youth or the county attorney, transfer its supervisory authority over a case to district court. Section 41-5-208(1), MCA. Such a transfer terminates the youth court's jurisdiction and confers jurisdiction on a district court until the youth reaches age 25. Sections 41-5-205(2)(a), 41-5-208(6), MCA.

¶16 The parties to a youth court case may also stipulate to the transfer of a case to district court, and the district court judge may approve and incorporate the stipulation into an order. If the parties stipulate to the transfer approved by the court, both the State and the youth are bound by the terms of the stipulation. *In re H.C.R.*, 2007 MT 64, ¶¶ 18-19, 336 Mont. 369, ¶¶ 18-19, 155 P.3d 1221, ¶¶ 18-19. Further, a district court errs if it does not require the State to abide by the conditions of such a stipulation and if it does not sentence a youth in accordance with the stipulation. *H.C.R.*, ¶ 19.

¶17 In this case, as in *H.C.R.*, the parties stipulated to the transfer of the case from the Youth Court to the District Court pursuant to § 41-5-208, MCA, and the District Court approved and ordered the probationary sentence contained in the stipulation. The stipulation referred back to the July 18, 2002 disposition, which committed the youth only until age 18 and ordered that the only consequence of failing to complete treatment was the requirement to register as a sex offender. The District Court order, which is in effect a sentence, provides that "the original order to register will become effective if the Youth fails to successfully

complete a sex offender treatment program prior to his twenty-fifth birthday." Plainly, the stipulation placed only one condition on Andersen-Conway. That is, he is required to complete sex offender treatment before he turns 25, and if he does not, the sanction is that he will be required to register as a sex offender.

¶18 Because Andersen-Conway is not yet 25, he has not violated the condition of his probation that he complete sex offender treatment. The standard conditions of probation promulgated by the DOC were imposed here not by the District Court, but by the DOC. The Department cannot add conditions to those articulated in a district court's judgment. *State v. Field*, 2000 MT 268, ¶ 15, 302 Mont. 62, ¶ 15, 11 P.3d 1203, ¶ 15. The District Court did not have the authority to revoke Andersen-Conway's probation because he did not abide by the conditions of probation added by the DOC after the sentence. In addition, the District Court had no authority to commit Andersen-Conway to the DOC, which resulted in his incarceration. By the District Court's own order, it had only the authority to require him to register as a sex offender if he does not complete treatment. Thus, we conclude that the District Court erred when it revoked Andersen-Conway's probation and committed him to the Department of Corrections.

¶19 The District Court's judgment revoking Andersen-Conway's probation and committing him to the Department of Corrections is reversed.

/S/ JOHN WARNER

We Concur:

7

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE