DA 09-0109

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 309N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GUY WILLIAM PADDOCK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-02-235
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Herman A. Watson, Attorney at Law, Bozeman, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

      Marty Lambert, Gallatin County Attorney; Todd Whipple, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  August 4, 2009

Decided:  September 15, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Guy William Paddock appeals from orders of the District Court of the Eighteenth Judicial District, Gallatin County, revoking his suspended sentence and denying his motion to stay sentence pending appeal.  We affirm.

¶3     Paddock presents the following issues for review:

¶4     Issue One:  Whether the District Court properly revoked Paddock's suspended sentence.

¶5     Issue Two:  Whether the District Court erred in denying Paddock's motion to stay sentence pending appeal.

¶6     In 2003 Paddock pled guilty to a charge of Sexual Intercourse Without Consent (§ 45-5-503, MCA) based upon his having had sexual intercourse, at age 41, with the 15-year-old daughter of a friend.  In February, 2003, he was sentenced to twelve years to the Department of Corrections with eight years suspended, on conditions.  The sentencing order specifically incorporated by reference two pages of the pre-sentence investigation report.  Those two pages listed numerous conditions for the suspended sentence,

2

including one that Paddock "not associate with any individual under the age of eighteen, in a work or social situation unless accompanied by an approved, responsible adult who is aware of the Defendant's sexual conviction and approved by his supervising Officer and counselor." Paddock was aware of this condition and the fact that it had been incorporated as a condition of his suspended sentence.

¶7 At the same time, in February 2003, Paddock went through a divorce proceeding. One of the express conditions of the parenting plan ordered by the District Court in that case was that Paddock could not have unsupervised contact with his minor sons. Paddock's probation officer discussed this condition with Paddock on numerous occasions. Paddock's attorney in the divorce proceeding had advised him against having unsupervised contact with his sons.

¶8 In October, 2008, Paddock's probation officer filed a report of violation, and the County Attorney subsequently filed a petition to revoke Paddock's 2003 suspended sentence. The petition was based upon two occasions on which Paddock had contact with his older son, once in a restaurant and again by text messages. The District Court held an evidentiary hearing on the petition, at which Paddock admitted to the facts of the violations.

¶9 The District Court ordered an updated pre-sentence investigation, which revealed that Paddock had engaged in a pattern of repeated unsupervised contacts with his older son. Those included buying and delivering gifts to him, taking him to lunch, taking him on shopping trips, and allowing him, unlicensed at age 15, to repeatedly drive Paddock's vehicles. In October, 2008, Paddock was charged with parenting interference (§ 45-5-

3

634, MCA) after his older son, who lived with Paddock's ex-wife, ran away from home. The son called Paddock, who picked him up and let him stay at Paddock's residence for several hours. Paddock later gave the son money and a sleeping bag so that he could camp in the woods where he was hiding with another boy and a loaded pistol. Paddock lied to police officers on two occasions when they contacted him attempting to locate the son. After several days, police officers found the camp occupied by the son and a friend and took them into custody. The boys were found with the loaded pistol in their possession, creating a dangerous situation for the boys and the officers. Paddock's son told officers that he, the son, knew Paddock was prohibited from having unsupervised visitation.

¶10 As a result of the admitted probation violations and the evidence admitted regarding Paddock's behavior, the District Court revoked Paddock's 2003 suspended sentence. The District Court found that Paddock "has been consistently irresponsible, consistently in denial of the rules and regulations." The District Court committed Paddock to the Department of Corrections for eight years, with three years suspended.

¶11 This Court reviews a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the decision is supported by a preponderance of the evidence. *State v. Field*, 2000 MT 268, ¶ 9, 302 Mont. 62, 11 P.3d 1203.

¶12 On appeal Paddock argues that he was denied due process in the revocation because he had insufficient notice that he was restricted from unsupervised contact with persons under the age of 18. Contrary to Paddock's contentions, the record contains

4

ample evidence that Paddock knew about the condition that was clearly incorporated into his sentence in 2003, and that it meant that he could not have unsupervised contact with persons under 18, including his sons. The record also shows that the parenting plan ordered in his divorce proceeding specifically prohibited Paddock from unsupervised contact with his sons. Further, Paddock's probation officer had spoken to him on numerous occasions about the requirement for supervised visits. The record shows that Paddock repeatedly violated the conditions, to the extent of endangering the safety of his older son and others by allowing the underage son to drive and by enabling him to run away from home.

¶13    Paddock had ample warning and knowledge of the conditions of probation that he violated. A district court may incorporate conditions of probation by reference, *Field*, ¶ 14; § 46-18-801(1), MCA. The condition restricting Paddock from unsupervised contact with young people was expressly incorporated into Paddock's sentence. The District Court considered Paddock's conduct and his adjustment to probation, including his compliance with the terms of his probation, and properly exercised discretion to revoke the prior sentence and to impose the new sentence.

¶14    Since we have upheld the probation revocation and sentence, we need not address Paddock's claim that the District Court should have stayed execution of the sentence during appeal.

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

5

¶16    Affirmed.


                                           /S/ MIKE McGRATH


We concur:


/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART