JUSTICE COTTER,
dissenting.
¶28 I concur in the Court’s Opinion through ¶ 18. I dissent from the remainder of the Court’s Opinion with respect to the role of MERS as an agent of the lender, and would affirm the decision of the District Court.
¶29 I would conclude that even though MERS does not qualify as a beneficiary, it may properly execute the documents in question because it is a special agent of the lender. Section 28-10-102, MCA, provides: “An agent for a particular act or transaction is called a special agent. All others are general agents.”
¶30 The Pilgerams’ DOT provided that “MERS is a separate corporation that is acting solely as a nominee for Lender and Lender’s successors and assigns.” The DOT described the nominee’s authority as follows: “if necessary to comply with law or custom, MERS (as nominee for Lender and Lender’s successors and assigns) has the right: to exercise any or all of those interests [granted by the borrower in the Deed of Trust], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.” As noted, § 28-10-102, MCA, specifically contemplates that one may act as an agent for a particular act or transaction. This is precisely the role that MERS fills under the DOT.
¶31 A nominee is “[a] person designated to act in place of another, usu. in a very limited way.” Black’s Law Dictionary at 1149. An agent is one who represents another. Section 28-10-101, MCA. A nominee is a form of agent. See Edwards, 300 P.3d at 49 (“As the definitions indicate, a nominee is merely a form of agent.”).
¶32 Given the language of the DOT naming MERS a nominee and listing the actions it is authorized to take, I would conclude that MERS was the lender’s agent. Several other courts have reached the same conclusion. See Joseph, 2012 U.S. Dist. LEXIS 97869 at * 33 (“MERS was Countrywide’s agent, cloaked with authority to act on the lender’s behalf under the Deed of Trust.”); Heffner v. Bank of Am., 2012 U.S. Dist. LEXIS 64668, * 12 (D. Mont., May 8, 2012); (“As in Joseph, the Deed of Trust here reflects that America designated MERS as its agent and gave it full authority to act as a nominee for America and its successors and assigns.”); Edwards, 300 P.3d at 49 (“The lender, Lehman Brothers, had the authority to designate an agent to act in its behalf, and the actions of its agent, MERS, were the actions of Lehman *12 Brothers.”). MERS could, as the lender’s agent, assign the beneficial interest in the deed of trust to GreenPoint, who could in turn appoint a successor trustee. See Joseph, 2012 U.S. Dist. LEXIS 97869 at * 36 (“The Court thus concludes that MERS could and did, as Countrywide’s nominee/agent, assign the beneficial interest in the deed of trust to BOA-HLS.”); Heffner, 2012 U.S. Dist. LEXIS 64668 at * 12 (The STFA does not permit MERS to be the beneficiary in a trust indenture as the lender’s nominee, but MERS could assign the beneficial interest in the deed of trust.); Restatement (Third) of Agency § 1.04(2) (an agent may act on behalf of both a disclosed principal, i.e., the original lender, and a later unidentified principal, i.e., original lender’s successor and assign). This conclusion is consistent with Montana law allowing an indenture trustee, performing duties under the STFA, to delegate those duties to another party. Knucklehead Land Co., Inc. v. Accutitle, Inc., 2007 MT 301, ¶¶ 12, 15, 340 Mont. 62, 172 P.3d 116; See also Diehl v. Reconstruct Co., N.A., 2010 U.S. Dist. LEXIS 52404, ** 11, 13 (D. Mont., April 22, 2010) (adopted by Diehl v. Reconstruct Co., N.A., 2010 U.S. Dist. LEXIS 52403 (D. Mont., May 27, 2010)) (Section 71-1-315(3), MCA, did not prohibit First American and Reconstruct from designating an agent to conduct the foreclosure sales of the plaintiffs’ real properties, even if the agent did not separately qualify as a trustee under § 71-1-306, MCA; the agent could perform any act First American and Reconstruct could perform.); Joseph, 2012 U.S. Dist. LEXIS 97869 at * 35 (“No ‘contrary intention clearly appears’ in the STFA that would preclude the lender from designating an agent to act on the lender’s behalf to exercise all pertinent authority of a beneficiary under the trust indenture.”).
¶33 The Court opines that the question of whether MERS was the agent of the lender was raised for the first time on appeal and therefore should not be considered. Notably, neither Pilgerams nor the other parties raised this concern; rather, the Court has done so sua sponte. In fact, the parties debated the agency question in their appellate briefs and also extensively addressed agency during oral argument before this Court without ever asserting the issue was not properly before us. As the issue was thoroughly argued with the consent of the parties, the concerns about unfairness repeatedly voiced by the Court are unfounded. As we have frequently stated, this Court generally does not resolve a case on grounds not raised or supported by the parties. Citizens for Balanced Use v. Maurier, 2013 MT 166, ¶ 15, 370 Mont. 410, 303 P.3d 794 (citing State v. Andersen-Conway, 2007 MT 281, ¶ 14, 339 Mont. 439, 171 P.3d 678); Pinnow v. Mont. *13 State Fund, 2007 MT 332, ¶ 15, 340 Mont. 217, 172 P.3d 1273. It bears noting that while there is no counterpart in the Montana Rules of Appellate Procedure, M. R. Civ. P. 15(b)(2) provides that “[w]hen an issue not raised by the pleadings is tried by the parties’ express or implied consent, it must be treated in all respects as if raised in the pleadings.” The same rationale should apply to arguments presented by agreement on appeal.
¶34 The Court also concludes that resolution of the agency issue requires a more complete record and “further findings of fact regarding MERS’ principal-agent relationship with the lenders.” Opinion, ¶ 27. With due respect, I believe the Court exaggerates the complexity of the agency issue. The question of whether MERS may properly be deemed the agent of the lender is driven by the language of the DOT and the law of agency. The question is one of law, not fact, and therefore remand for further findings of fact is wholly unnecessary. The DOT language is not complicated or ambiguous, and the law of agency as well as the precedent cited herein clearly supports a determination that an agency relationship between MERS and the lender exists under these circumstances. I would therefore affirm the decision of the District Court. I dissent from our refusal to do so.
JUSTICE BAKER joins in the dissenting Opinion of JUSTICE COTTER.